# Jones v. The State.

### Indictment for Retailing without a License.

1. *Retailing liquors; when license not required under local statute.*— Section 9 of the act incorporating the town of Springville in St. Clair county (Pamph. Acts, 1872-3, p. 376,), prohibits the sale of spirituous, vinous or malt liquors within the corporate limits of the town, but contains a proviso that the section shall not be construed so as to prevent any practising physician or druggist selling such liquors for medical or sacramental purposes. *Held*, that practising physicians and druggists selling such liquors in said town, in good faith for the purposes specified in the proviso, are not required to take out license therefor under the general law.

APPEAL from St. Clair Circuit Court.
Tried before Hon. L. F. Box.

The facts are stated in the opinion.

JOHN W. INZER, for appellant.

H. C. TOMPKINS, Attorney-General, for the State.

SOMERVILLE, J.—The defendant is indicted for selling spirituous liquors in quantities less that a quart, without a license and contrary to law. The evidence shows he was, at the time of the sale, a *druggist* and a *practising physician,* and that he sold less than one quart of whiskey for medical purposes, on the prescription of a licensed practising physician. There is no question made as to the perfect *bona fides* of the transaction.

The defense made is, that the defendant was excused from obtaining a license under the provisions of section 9 of the act incorporating the town of Springville in the county of St. Clair.—Pamph. Acts 1872-73, p. 376. This section provides

[Hurst v. Thompson.]

that "it shall be unlawful for any person or persons to retail any spirituous, vinous or malt liquors, or bitters, within the corporate limits of said town ; *Provided,* That this section shall not be construed, so as to prevent any *practising physician* or *druggist* selling bitters, spirituous, vinous or other liquors, or beer, for *medical* or sacramental purposes."

We do not construe this law to require any license of practising physicians and druggists who sell spirituous liquors in good faith for the limited purposes specified. The whole system of licenses in the matter of retailing is general, and a duly authorized licensee may sell for any and every purpose, the only limitation being that he is prohibited from selling to minors and certain others particularly designated in the statutes. There is no autnority any where given to issue licenses permitting sales for medical or sacramental purposes. Code, 1876, § 494 ; § 1544.

The general statutory system is one of regulation by license. The special system here put in operation, in a limited locality, is one of total prohibition. The proviso only excepts two classes of persons, druggists and physicians. They have no authority to retail liquors generally to all persons, or for all purposes. Their power is limited so as to confine their sales to medical, or sacramental purposes. Much is entrusted to the probity and intelligence of these clases of persons, the legislature having no doubt assumed that less evil is to be apprehended from the probable abuse of the confidence thus reposed, than from the inconvenience of an absolute and entire system of prohibition.

We think the rulings of the court, holding the contrary view, were erroneous, and its judgment must be reversed. The facts being undisputed, and the appellant being guilty of no offense, a judgment is hereby rendered in this court dismissing the cause.